## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **SAMUEL CAINE LEVINE,** | : | |
| | : | |
| **Petitioner,** | : | |
| **VS.** | : | |
| | : | **NO. 7:16-CV-00228-HL-TQL** |
| **STATE OF GEORGIA,** | : | |
| | : | |
| **Respondent.** | : | |
| _____ | : | |

## ORDER

Petitioner Samuel Caine Levine, a state prisoner currently confined at the Maury Correctional Institution in Maury, North Carolina, has filed a document in the above-captioned action that appears to challenge the validity of Petitioner's state criminal convictions and has therefore been construed as a petition seeking federal habeas relief under 28 U.S.C. § 2254.   In an order dated January 9, 2017, the United States Magistrate Judge ordered Petitioner to file a recast petition and to either pay the Court's $5.00 filing fee or file a proper and complete motion to proceed *in forma pauperis*.   Petitioner was given twenty-one (21) days to comply with the Court's Order and warned that failure to fully and timely comply with the Court's order could result in the dismissal of his Petition. Order, Jan. 9, 2017, ECF No. 4.

The time for compliance passed, and Petitioner failed to recast his petition, pay the filing fee, or move to proceed without prepayment of the filing fee in accordance with the Magistrate Judge's order.   Therefore, the Magistrate Judge ordered Petitioner to respond and show cause as to why his petition should not be dismissed.   Petitioner was given

twenty-one (21) days to comply with this order, and he was again warned that if he failed to respond, his petition would be dismissed for failure to comply. Order, Mar. 9, 2017, ECF No. 5. The time for responding to the Show Cause Order has passed, and Petitioner has again failed to respond.

Petitioner's failure to fully and timely comply with these orders leads the Court to believe that he is no longer interested in pursuing this case. Thus, because of Petitioner's failure to pay the filing fee, to comply with the Court's instructions and orders, and to otherwise diligently prosecute this action, his Petition shall be **DISMISSED without prejudice.** *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case).

Petitioner also has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Reasonable jurists could not find that a dismissal of

the instant action for Petitioner's repeated failure to comply with the Court's orders and his failure to diligently prosecute his case was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Petitioner is accordingly **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

      **SO ORDERED**, this 14th day of April, 2017.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE